## McCray et al. v. Kahler

*Brooks, Curtze & Silin,* for plaintiffs.
*English, Quinn, Leemhuis & Tayntor,* for defendant.

KITTS, P. J., June 12, 1940.—On May 20, 1940, defendant petitioned the court to join as an additional defendant Ralph E. McCray, above named as a party plaintiff, on the ground that the said Ralph E. McCray is either alone liable to Minetta McCray and the partnership known as McCray Motor Sales, or jointly and severally liable with Merle Kahler to said parties, or liable over to Merle Kahler for one half of the amount of damages suffered by said parties. On this petition a hearing was held on June 3, 1940, to meet the requirements of Rule 2252(*d*) of the Pennsylvania Rules of Civil Procedure. After hearing and argument of counsel we are of the opinion that the petition must be dismissed.

Rule 2252(*a*) of the Pennsylvania Rules of Civil Procedure is as follows:

"After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

It is apparent that Ralph E. McCray is a party named in this proceeding, and the record shows that he has been validly served. Therefore, if the rule means what it says, and we think it does, this joinder cannot prevail.

In Act 392 of June 21, 1937, P. L. 1982, will be found the following as a part of section 1:

"From and after the effective date of any rule promulgated under this section 1, and so long as said rule shall be operative, the operation of any act of assembly relating to practice or procedure in such courts, and inconsistent with such rule, shall be suspended in so far as such act may be inconsistent with such rule."

In making the joinder of additional parties permissive, Rule 2252, supra, follows Rule 14(*a*) of the Federal Rules of Civil Procedure, the English practice, and the general practice in other American jurisdictions having a similar procedural device, and substitutes for this procedure a joinder by order of court. It would appear that this is also a full substitute for the writ of scire facias by the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The amendment of June 25, 1937, P. L. 2118, which permits a more liberal use of the writ of scire facias, is suspended. Until such time as the desirability of such joinder as prayed for in the instant petition is considered by the committee, when rules governing counterclaims and cross-action proceedings are adopted, we deem it a safer practice to deny the joinder prayed for.

And now, to wit, June 12, 1940, the petition of defendant Merle Kahler to join as an additional defendant in this case Ralph E. McCray is overruled and dismissed.